IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN C. PILAND,

                Plaintiff,

v.

                                                                         Case No. 12-CV-1459-JAR-DJW

DUKE DRILLING CO., INC.,

                Defendant.

**MEMORANDUM AND ORDER**

       Plaintiff commenced this action against his former employer alleging damages for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").[1] This matter comes before the Court on Plaintiff's Motion To Proceed as a Veteran (ECF No. 3). Plaintiff requests an order under USERRA, specifically 38 U.S.C. § 4323(h)(1), waiving the filing fees and other court costs for which he would be liable as the plaintiff in this action. In support of his motion, he states that he raises causes of action under the USERRA and he has been a member of the "uniformed services" as defined in the USERRA.

       Congress enacted USERRA to "prohibit discrimination against persons because of their service in the uniformed services."[2] The statute is therefore liberally construed in favor of veterans who seek its protections.[3] The term "service in the uniformed services" is defined to mean:

> performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, a period for

---

[1] 38 U.S.C. § 4301 *et seq*.

[2] 38 U.S.C. § 4301(a)(3).

[3] *Ragland v. Univ. of Kan. Hosp.,* 08-2379-EFM, 2009 WL 270231 (D. Kan. Feb. 4, 2009) (citing *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683-84 (7th Cir. 2008)).

which a person is absent from a position of employment for the purpose of an examination to determine the fitness of the person to perform any such duty.[4]

Pertinent to the current motion, section 4323(h)(1) of USERRA provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter."[5] The phrase "fees or court costs" has been interpreted to include normal litigation costs such as filing fees.[6] In the seminal USERRA filing fee case, *Davis v. Advocate Health Center Patient Care Express*,[7] the Seventh Circuit construed 38 U.S.C. § 4323(h)(1) to exempt a plaintiff from the necessity of paying a filing fee. In *Davis*, the Seventh Circuit rejected the district court's ruling that USERRA's bar against fees and costs did not encompass filing fees to initiate litigation.[8] The Seventh Circuit based its ruling on the fact that USERRA was enacted in order to "prohibit discrimination against persons because of their service in the uniformed service," and as such the statute should be construed "liberally in favor of veterans seeking its protections."[9] The *Davis* court further noted that initial filing fees are plainly the type of fees contemplated, for example, by 28

---

[4] 38 U.S.C. § 4303(13)

[5] 38 U.S.C. § 4323(h)(1).

[6] *See Davis v. Advocate Health Ctr. Patient Care Express,* 523 F.3d 681, 685 (7th Cir. 2008) (holding that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee); *Ragland v. Univ. of Kan. Hosp.,* No. 08-2379-EFM, 2009 WL 270231, at *1 (D. Kan. Feb. 4, 2009) (granting motion for refund of filing fee); *Fincher v. Georgia Pac., LLC*, No. 108-CV-3839-JOF, 2009 WL 1075269, at *1 (N.D. Ga. Apr. 21, 2009) (granting refund of filing fee under USERRA); *Seeton v. Thermadyne Holdings Corp.*, No. 4:09-CV-147, 2009 WL 1025323, at *1 (E.D. Tex. Apr. 15, 2009) (granting plaintiff's motion for exemption from filing fee under USERRA).

[7] 523 F.3d at 684-85.

[8] *Id.* at 683.

[9] *Id.* at 683-84 (quotations and citations omitted).

U.S.C. § 1920, and therefore, the "fees" or "court costs" referred to in § 4323(h) should encompass initial filing fees.[10]

Here, the Court finds that Plaintiff is a qualified member of the "uniformed services" as defined in USERRA. Plaintiff alleges in his affidavit attached to his motion (ECF No. 3-1) that he has been a member of the United States Marine Corp and United States Army, having served on Title 10 Active Duty in the Marines from September 25, 1990 to September 24, 1994, and in the Army from May 18, 2000 to January 10, 2001; February 25, 2004 to April 20, 2005; June 4, 2006 to November 29, 2008; and July 22, 2009 to October 10, 2010. He states that in each instance, he was released from Active Duty and transferred to the Marine Corps Reserve or Army National Guard under honorable conditions, and that he continues to serve in the Kansas Army National Guard.

The Court also finds that Plaintiff has asserted claims for violations under USERRA. He alleges that his employer fired him when he was scheduled to return to work from active duty for training at Camp Swift, Texas. He asserts two claims—(1) violation of the protections afforded by the USERRA, and (2) retaliation in violation of USERRA. Like the courts in the *Davis* and *Ragland* cases, the Court here finds that the phrase "fees or court costs" in 38 U.S.C. § 4323(h)(1) includes normal litigation costs such as the filing fee. The Court therefore finds that the Plaintiff's motion should be granted inasmuch as it seeks waiver of fees and costs not chargeable to him under § 4323(h)(1), including the $350 filing fee required to institute a civil action under 28 U.S.C. § 1914(a).

**IT IS THEREFORE ORDERED THAT** Plaintiff Brian C. Piland's Motion to Proceed as a Veteran (ECF No. 3) is granted. The Court hereby waives the filing fee in this action and other

---

[10]*Id*. at 684.

fees or costs that are not chargeable to him under 38 U.S.C. § 4323(h)(1). Plaintiff may proceed with this case without prepayment of the $350 filing fee pursuant to § 4323(h)(1).

Dated in Kansas City, Kansas on this 9th day of January, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
